# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**LESLIE LEON SCOTT**                                                                              **PETITIONER**

v.                                                                      **CIVIL ACTION NO. 1:14CV-P57-R**

**CLARK TAYLOR**                                                                                      **RESPONDENT**

## MEMORANDUM OPINION

Petitioner, Leslie Leon Scott, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus (DN 1). On preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court directed Petitioner to show cause why his petition should not be denied as barred by the applicable statute of limitations and his action dismissed as untimely.

According to his petition, Petitioner was convicted on March 22, 2004, of three counts of second-degree manslaughter and one count of first-degree assault. He ultimately appealed to the Kentucky Supreme Court, which affirmed on May 15, 2006. He did not file a petition for certiorari to the U.S. Supreme Court. He states that on May 7, 2007, he filed a Rule 11.42 motion, which was denied by the circuit court, the Kentucky Court of Appeals, and then, on October 8, 2010, by the Kentucky Supreme Court. The Kentucky Supreme Court denied his motion for discretionary review on March 16, 2011. He states that he also filed a CR 60.02 motion which was denied by the circuit court on November 9, 2011. It appears that he then filed a motion for enlargement of time, which was denied by the Kentucky Supreme Court on May 16, 2013. He filed the petition in this action on April 23, 2014.[1]

---

[1] Under the mailbox rule, the petition is deemed filed when presented to prison officials for mailing. *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). In this case, Petitioner certified that he placed his petition in the prison mail system

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

The Kentucky Supreme Court affirmed Petitioner's conviction on May 15, 2006. In *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000), the Sixth Circuit explained that the

---

on April 23, 2014.

2

one-year statute of limitations of § 2244(d) does not begin to run until the day after the petition for a writ of certiorari is due for filing in the Supreme Court. By operation of United States Supreme Court Rule 13.1, a state prisoner has 90 days after the entry of the final judgment on direct appeal in which to file his petition for a writ of certiorari.[2] Thus, Petitioner's conviction became final on August 14, 2006.[3]

Therefore, to be timely, Petitioner's § 2254 petition would have to have been filed by August 14, 2007, unless there was a time-tolling collateral attack pending in state court. *See* 28 U.S.C. § 2244(d)(2); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Petitioner states that his RCr 11.42 motion was filed on May 7, 2007. Thus, from August 14, 2006, until May 7, 2007, 266 days of the one-year period elapsed. Assuming for purposes of this review that he had post-conviction motions pending until May 16, 2013, to be timely his petition would have to have been filed by August 23, 2013. Therefore, the one-year limitations period expired eight months before Petitioner filed this habeas action.

The statute of limitations in 28 U.S.C. § 2244(d)(1) is not jurisdictional, and it is subject to equitable tolling. *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009). The Sixth Circuit cautions that equitable tolling relief should be granted sparingly. *Id.* at 588. Petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Connolly v. Howes*, 304

---

[2] This same 90-day time-tolling period, however, does not apply during the pendency of a petition for certiorari to the United States Supreme Court that seeks review of the denial of state post-conviction relief, as opposed to direct review of the judgment. *See Lawrence v. Florida*, 549 U.S. 327, 331-32 (2007) (holding that the one-year statute of limitations is not tolled during the pendency of a petition for certiorari to the Supreme Court that seeks review of a state court decision denying post-conviction relief).

[3] Actually, it became final on August 13, 2006. However, that date was a Sunday so finality occurred on Monday, August 14, 2006. Ky. R. Civ. P. 76.40(1); Ky. R. Civ. P. 6.01.

3

F. App'x 412, 417 (6th Cir. 2008).

In his response to the Court's show-cause order, Petitioner agrees with the Court that his petition is time-barred, although he "requests that this Court allow him to proceed in the interest of justice on the claims of Constitutional Rights violated against him by the State courts." The Court finds no reason that equitable tolling would be appropriate. Therefore, the Court will, by separate Order, dismiss the instant petition as time-barred.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling in

this case to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:




cc: Petitioner, *pro se*
4413.009